IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02933-MJW

MARY TORRES,

Plaintiff,

v.

THE KROGER CO. d/b/a KROGER CHECK RECOVERY CENTER,

Defendant.

**ORDER ON
DEFENDANT'S MOTION TO DISMISS (Docket No. 8)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

Initially, this case was before this court pursuant to an Order Referring Case (Docket No. 2) issued by Judge Philip A. Brimmer on November 16, 2011.  On March 27, 2012, plaintiff filed consent to the jurisdiction of a magistrate judge (Docket No. 20). Defendant filed consent shortly thereafter on April 5, 2012 (Docket No. 22).  Pursuant to 28 U.S.C § 636(c), Judge Brimmer entered an order assigning the case for all purposes to this court (Docket No. 23).  The case was reassigned on April 25, 2012 (Docket No. 24).

**PLAINTIFF'S ALLEGATIONS**

Plaintiff Mary Torres asserts the following in her Complaint (Docket No. 1). Plaintiff's action is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Plaintiff alleges two violations of the FDCPA by defendant.  Plaintiff alleges that on June 22, 2011 and June 29, 2011, defendant the

2

Kroger Co., identifying itself as "Kroger Check Recovery Center," sent plaintiff initial written communications regarding insufficient funds for two checks (#5187 and #5191) written by plaintiff.

Plaintiff's single claim for relief contends defendant violated 15 U.S.C. § 1692g(a) by failing to provide the required FDCPA notices with the initial communications, or five days thereafter.

**PENDING MOTION**

Now before the court is Defendant's Motion to Dismiss filed on January 22, 2012 (Docket No. 8). Plaintiff filed a response to defendant's motion on February 13, 2012 (Docket No. 13). Defendant did not file a reply. Defendant argues plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because defendant is not a "debt collector" as required by the FDCPA. Specifically, defendant argues that as defined by the FDCPA, defendant is a creditor, not a debt collector. In response, plaintiff argues that defendant used a false name to collect its debt, and thus defendant is considered a debt collector under the FDCPA.

The court has carefully considered the Complaint (Docket No. 1), Defendant's Motion to Dismiss (Docket No. 8), and plaintiff's response (Docket No. 13). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and orders.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co.,

3

495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

The FDCPA states that a debt collector is required, within five days after the initial communication in connection with the collection of any debt, to send the consumer a written notice containing the information described in the statute. 15 U.S.C. § 1692g(a). The FDCPA defines a "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

Id. at § 1692a(6). However, the term does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Id. at § 1692a(6)(A). Nor does the term include "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the

4

collection of debts." Id. at § 1692a(6)(B).

Alleged misrepresentations under the FDCPA are analyzed under an objective "least sophisticated consumer standard." Watters v. Midland Credit Mgmt., Inc., No. 2:11-CV-00177-BSJ, 2012 WL 1666059, at *5 (D. Utah May 8, 2012) (citing Ferree v. Marianos, 129 F.3d 130 (10th Cir. 1997)). The "false name exception" is triggered if the "least sophisticated consumer would have the false impression that a third party was collecting the debt." Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 236 (2d Cir. 1998).

Plaintiff's complaint states that defendant identified itself as "Kroger Check Recovery Center" in its communications with plaintiff. Defendant does not dispute this contention or provide an affidavit or document showing that its communications with plaintiff contained any identifications other than "Kroger Check Recovery Center." It is difficult to argue that a least sophisticated consumer could infer that "Kroger Check Recovery Center" was in some way affiliated with King Soopers. While some, if not the majority of consumers, may recognize the Kroger name as being associated with King Soopers, under the least sophisticated consumer standard such knowledge cannot be presumed. See id. at 235 (stating that a creditor "need not use its full business name or its name of incorporation to avoid FDCPA coverage" but should use the "name under which it usually transacts business, or a commonly-used acronym"). Rather, the use of "Kroger Check Recovery Center" gives the false impression that a third party is collecting the debt. If defendant had identified itself, for example, as "King Soopers Check Recovery Center," the result may be different. However, based on the evidence before it, the court finds that defendant falls under the false name exception, and must

5

be considered a debt collector regardless of whether it fits under either of the exclusions cited above.

Accordingly, the court finds that plaintiff's complaint sufficiently alleges that defendant is a debt collector under the FDCPA.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Docket No. 8) is **DENIED**.

Date:  May 21, 2012                              s/ Michael J. Watanabe
       Denver, Colorado                          Michael J. Watanabe
                                                 United States Magistrate Judge