IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    11-cv-02933-MJW

MARY TORRES,

Plaintiff,

v.

THE KROGER CO. d/b/a KROGER CHECK RECOVERY CENTER,

Defendant.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

      This straight-forward case began when Plaintiff filed her Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692, *et seq*. See docket no. 1.  Now, Plaintiff has filed a Motion for Leave to File an Amended Complaint (docket no. 27) seeking a class action be certified under Fed. R. Civ. P. 23. Both Plaintiff and Defendant agree that pre-class certification discovery is necessary to determine whether class certification is appropriate, and the case law as cited by the parties in their moving papers (docket nos. 27, 28 and 29) supports this agreement.  On February 23, 2012, this court conducted a Rule 16 Scheduling Conference and entered a Rule 16 Scheduling Order (docket no. 17).   However, this Scheduling Order (docket no. 17) did not address pre-class certification discovery since the Complaint (docket no. 1) did not call for pre-class certification discovery.

      Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

      As to Defendant's futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423 (D. Colo. 2008).  In the General Steel case, Judge Ebel stated, in pertinent part:  ". . . Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the

2

operative complaint is in place."

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (docket no. 27) is **GRANTED** for the reasons stated in the subject motion (docket no. 27) and in the interest of justice as outlined in Fed. R. Civ. P. 15(a)(2).

It is thus **FURTHER ORDERED** that the tendered Amended Complaint (docket no. 27-1) is accepted for filing as of the date of this minute order.

It is **FURTHER ORDERED** that the Rule 16 Scheduling Order (docket no. 17) is **VACATED**.

It is **FURTHER ORDERED** that a new Rule 16 Scheduling Conference is set on August 3, 2012, at 10:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, CO 80294.  The parties shall file with this court an **Amended Scheduling Order for Pre-Class Certification Discovery Only** on or before July 25, 2012.  In the proposed **Amended Scheduling Order for Pre-Class Certification Discovery Only** the parties should also include a proposed deadline for the filing of Plaintiff's Motion for Class Certification and a proposed briefing schedule for such motion. This court will permit pre-class certification discovery first, then address and rule on the Plaintiff's motion for class certification once filed, and then address the need for any further discovery on the merits of this case.

Date: July 6, 2012